THOMAS
*vs*
SEE.

---

## Thomas *vs* See.

### ERROR TO THE FLEMING CIRCUIT.

*Ejectment.   Pleading.   Practice.   New trial.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

THE amendment of the declaration, by the addition of a second count, laying a demise from a new lessor, if erroneous, is still no ground of reversal, because there was no attempt to show a legal title in the new lessor, and the case was obviously tried and decided on the first count.   The addition of the second count was therefore not prejudicial to the defendant, but in fact rather aided the defence attempted to be made, inasmuch as it

EJECTMENT.

Case 3.

December 8.

The addition of a new demise in a declaration in ejectment after it is filed, if there be no effort to prove title in the name of the lessor in the second count is no ground for. awarding a new trial.

THOMAS
*vs*
SEE.

Though a conveyance be made to a wrong person through mistake, the title passes, and it will not avail the defendant in ejectment to show that the title was made to a person different from the one intended to be the grantee.

involved a doubt at least, as to the title being in the first named lessor.

Upon the main question, the facts appear to be, that the land in controversy having been purchased under executions against the defendant in this ejectment, by T. Botts, and for less than two thirds of its appraised value, the right of redemption was afterwards, and within the year, levied on under executions in favor of See, Stratton and Remington, of Philadelphia, and purchased for their benefit—that Botts received of Abram S. See, the full amount of the redemption money, by a draft on See, Stratton & Remington, and in the writing acknowledging the receipt, directed the Sheriff to make the conveyance "to Jacob A. See, one of the firm of See, Stratton & Remington, according to their direction." The conveyance was, in fact, made to Jacob A. See, from whom the demise is laid in the original declaration. But the second count intimates that it should have been, and was intended to be made to Abram S. See, from whom the demise is laid in that count, and who was in fact a member of the firm of See, Stratton & Remington. Jacob A. See was not a member of that firm. And the defendant proved by several witnesses, that upon inquiry in Philadelphia, they were told there was no such person.

The redemption from Botts, and the written acknowledgment of it containing the direction to convey to Jacob A. See, were made under the direction of the agent and attorney of See, Stratton & Remington, by whom the writing was attested. And there is little doubt, upon the evidence, that the name of Jacob A. See was inserted in the writing by mistake or inadvertence, instead of that of Abram S. See, from whom the redemption is acknowledged to have been received. But the Sheriff's deed having been made in pursuance of the written directions of the first purchaser, Botts, and according to the request of the agent of the second purchasers who had transacted the redemption for them, we think there is no doubt that the title passed by the deed to Jacob A. See. And whether he holds it for his own use, or for that of Abram S. See, or of See, Stratton & Remington,

is a question in which the defendant had no concern, and which is wholly immaterial in the present case. If indeed there was no such person as Jacob A. See, the deed was ineffectual to pass the title, and there could have been no recovery upon it. But the slight evidence offered upon that point, is wholly insufficient to prove that there was no such person, and certainly does not authorize a reversal on the sole ground that there was no such person in existence to take the title, or make the demise laid in the declaration.

Wherefore, the judgment is affirmed.

*Cord* for plaintinff; *Beatty* for defendant.